UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY J. SOBCZYK,

        Plaintiff,

  v.

        Case No. 24-cv-773-pp

MARTIN J. O'MALLEY,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates

1

that he is not employed and he is not married. Dkt. No. 3 at 1. The plaintiff states that he owes $600 per month in child support for a daughter and a son ($300 each), but that he is in arrears. Id. The plaintiff lists his source of income as "Veteran 100% Disabled (TdW/T&T) Total Disability Individual Unemployability" and says that that income is $4,316.59 per month. Id. at 2. The plaintiff states monthly expenses totaling $4,316 ($900 rent, $350 car payments, $50 child support ("arrears, what [the plaintiff is] able to pay"), $1,016 credit card payments, $2,000 other household expenses). Id. The plaintiff does not own a car, his home or any other property of value and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The complaint indicates that the plaintiff was denied benefits for lack of disability, that the plaintiff is disabled and that the conclusions and findings of fact of the Commissioner when denying benefits are not supported by

2

substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 24th day of June, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**